IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL GEORGE QUINTANA,

    Petitioner,

v.                                                                       Civ. No. 18-469 KG/GJF

FNU MULHERON, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## ORDER REGARDING PENDING *PRO SE* MOTIONS

This matter comes before the Court upon two miscellaneous motions filed by Petitioner Gabriel George Quintana. (Docs. 2, 6). He filed the motions in connection with his 28 U.S.C. § 2254 habeas petition. In the first motion filed May 18, 2018, Petitioner seeks to proceed without prepaying the $5.00 filing fee. *Id.* at 1. The Court may only grant such relief where an inmate's "affidavit [and] … statement of … assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Petitioner does not qualify under that test because he paid the $5.00 filing fee after filing the motion. The Motion to Proceed *In Forma Pauperis* (Doc. 2) will therefore be denied. Petitioner has satisfied his payment obligation and need not take any further action with respect to the filing fee.

In the second motion filed June 4, 2018, Petitioner asks the Court to "respond to [certain] concerns." (Doc. 6) at 1. He seeks information on the screening process and appears to request a reply deadline pursuant to Habeas Corpus Rule 5(e), which states: "The petitioner may submit a reply to the respondent's answer … within a time fixed by the judge." *Id.* at 1-2. The Court has

completed its initial review of the petition pursuant to Habeas Corpus Rule 4.[1]  By an Order entered August 21, 2018, the Court determined the petition states a colorable claim for relief and directed Respondents to file an answer along with copies of the state court record.  (Doc. 9).  The Court will grant Petitioner's request for a fixed deadline to file an optional reply.  He is permitted, but not required, to file a reply brief within twenty (20) days of the filing of the answer.  Once the reply deadline passes, the Court will review the filings to determine whether Petitioner is entitled to habeas relief.  Unless and until the Court enters another Order, Petitioner is not required to take any further action to prosecute his habeas petition.

The second motion also appears to seek the appointment of counsel.  (Doc. 6) at 2.  There is no constitutional right to counsel in habeas proceedings.  *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008).  Where an evidentiary hearing is not yet warranted, "[t]he decision to appoint counsel is left to the sound discretion of the district court."  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).  Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  Ultimately, the burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citations omitted).

Considering the above factors, the Court is not convinced that counsel should be appointed at this time.  The claims are not particularly complex, and Petitioner has not alleged an

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010.

inability to prosecute the habeas petition. The request to appoint counsel will therefore be denied. Notwithstanding this Order, Petitioner may contact the federal public defender or a legal aid organization to request counsel on his own.

IT IS ORDERED:

1. The Motion to Proceed *In Forma Pauperis* (Doc. 2) is denied.

2. The Motion to Respond to Concerns (Doc. 6) is granted, in part, and denied, in part, as follows:

    (a) Petitioner may file an optional reply in support of his petition within twenty (20) days of the filing of Respondents' answer;

    (b) All other substantive relief requested in the Motion to Respond to Concerns (Doc. 6) is denied.

_____
UNITED STATES DISTRICT JUDGE