# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GABRIEL GEORGE QUINTANA,

     Petitioner,

v.                                                  Civ. No. 18-469 KG/GJF

FNU MULHERON, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

## <u>ORDER DENYING *PRO SE* MOTION</u>

This matter comes before the Court upon Petitioner's Motion to Continue Indigence Status (Motion), filed September 21, 2018. (Doc. 15). Petitioner seeks a refund of the $5.00 filing fee for this U.S.C. § 2254 habeas petition. He alleges he paid the filing fee before he knew he could proceed *in forma pauperis,* and on the advice of the prison librarian. (Doc. 15) at 1-3. The *in forma pauperis* statute only applies where an inmate's "affidavit [and] … statement of … assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Petitioner has already demonstrated an ability to pay the $5.00 filing fee. Further, even *in forma pauperis* statute applied, it only excuses prepayment, and Petitioner would have to pay the $5 filing fee at some point. 28 U.S.C. § 1915(a)(1). Under these circumstances, a refund is not warranted.

The Motion also appears to seek the appointment of counsel. (Doc. 15) at 3-4. Petitioner previously requested counsel in his Motion to Respond to Concerns, which was denied. (Docs. 6, 11). The Court explained the decision to appoint habeas counsel is discretionary, and this case is not complex enough to justify relief. (Doc. 11) at 2-3. *See also Coronado v. Ward,* 517 F.3d

1212, 1218 (10th Cir. 2008) (noting there is no constitutional right to counsel in habeas proceedings); *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (noting the appointment of habeas counsel is discretionary).  In his instant Motion, Petitioner seeks clarification on whether the Court will appoint counsel at a later time.  (Doc. 15) at 2-3.  The only circumstance that may require the appointment of counsel is an evidentiary hearing.  However, most habeas petitions are resolved on the paper record.  Thus, Petitioner can assume the Court will take no further action to appoint counsel unless he receives a Notice of Hearing.  If and when he receives a Notice of Hearing, he may renew his request for counsel.

IT IS ORDERED that the Motion to Continue Indigence Status (Doc. 15) is denied.

UNITED STATES DISTRICT JUDGE