IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL G. QUINTANA,

    Petitioner,

v.                                                                                                                                             Civ. No. 18-469 KG/GJF

JAMES MULHERON, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico

    Respondents.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on what the Court is considering to be Petitioner's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"). (Docs. 24, 25). On reference from the undersigned (Doc. 4), United States Magistrate Judge Gregory J. Fouratt recommended that this Court: (1) deny Gabriel Quintana's "Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254" ("Petition") with prejudice; and (2) deny Quintana's Motion to Supplement. (Doc. 23) at 1. On March 28, 2019, Quintana filed a document entitled "Motion for an Appellate Review Be Allowed and Objections on the Decision Considering the Deniel [sic] and a Request of My Recommendation Stated in this Request" (hereafter "objections"). (Docs. 24, 25). Defendants neither objected to the PFRD nor responded to Petitioner's objections. Concluding that Petitioner's objections fail to preserve appellate review, the Court overrules the objections and adopts the PFRD. Therefore, and as explained below, the Court will deny the Petition as well as the Motion to Supplement (Doc. 21).

I. BACKGROUND

Judge Fouratt detailed the procedural and factual background of this case in his PFRD. (Doc. 23) at 3-5. This Court adopts those findings in full.

In summary, a state court jury convicted Quintana of first degree murder, attempt to commit a violent felony, second degree murder, aggravated battery against a household member, tampering with evidence, and violation of a protective order. On direct appeal, the New Mexico Supreme Court affirmed, except for the aggravated battery conviction, which was held to violate the constitutional protections against double jeopardy. Petitioner then filed a *pro se* writ of habeas corpus in state court and, subsequently, an amended petition that included an affidavit from defense attorney Cynthia Hill, in which she asserted that she and her co-counsel had provided ineffective assistance as Petitioner's trial counsel. For reasons not relevant to Quintana's Petition, the state district court granted habeas relief.

The New Mexico Supreme Court, however, reversed the grant of habeas relief and remanded back to the district court with directions to permit the State to file a response and also to hold an evidentiary hearing. The State filed a response supported by defense attorney Damian Horne's affidavit—Quintana's other trial counsel—that pointedly denied any ineffective assistance. The state habeas court held an evidentiary hearing to consider these claims:

> From the Pro Se Petition, the following claims survived: Ground Three (regarding victims' family's involvement in drug dealing), Ground Six (that Petitioner wanted to take the stand in his own defense), and Ground Seven (regarding an anonymous letter purportedly identifying the actual perpetrator). From the Amended Petition, the following claims survived- that trial counsel was ineffective for: (1) failure to effectively impeach prosecution witnesses; (2) failure to investigate; (3) failure to retain expert witnesses; and (4) cumulative effect of counsel's errors.

On February 23, 2018, the district court denied habeas relief. Quintana sought review by the New Mexico Supreme Court on March 22, 2018, but the court denied review on March 30, 2018. On May 18, 2018, Petitioner then sought review in this Court by filing the instant Petition.

II. PETITIONER'S OBJECTIONS

Quintana begins his objections by attacking the strength of the evidence presented at his trial, specifically targeting what he alleges to be the lack of physical and forensic evidence. (Doc. 25) at 1. Next, he urges this Court to accord Ms. Hill's affidavit additional weight. Similarly, Quintana urges this Court to conduct a *de novo* review of all evidence introduced at trial, and then presumably invalidate his conviction. *Id*. Lastly, he asks this Court to contact the district attorney's office that prosecuted him and inquire whether Quintana can still accept a plea deal that may or may not have been offered to him in 2005. *Id*.

III. LEGAL STANDARDS

A. *Standard for Objections to a Magistrate Judge's Report*

Pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of any case pending before the Court. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a *de novo* review of all portions of the recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id.* § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district

3

court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

B.  AEDPA Review

The "AEDPA requires that [courts] apply a difficult to meet and highly deferential standard in federal habeas proceedings under 28 U.S.C. § 2254; it is one that demands that state-court decisions be given the benefit of the doubt." *Simpson v. Carpenter*, 912 F.3d 542 (10th Cir. 2018) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)) (internal quotation marks omitted). "[T]he standard of review applicable to a particular claim depends upon how that claim was resolved by state courts." *Cole v. Trammel*, 735 F.3d 1194, 1199 (10th Cir. 2013). When a petitioner includes in his habeas application a "claim that was adjudicated on the merits in state court proceedings," a federal court shall not grant relief on that claim unless the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Simpson*, 912 F.3d at 562 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

IV.  ANALYSIS

To "preserve an issue for *de novo* review," Quintana's objections to the PFRD must have been "specific." *One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Unfortunately, Quintana has failed to meet this standard. To be sure, Quintana's "objections" (1) complain of the strength of the evidence at trial; (2) urge this Court to accord more weight to Ms. Hill's affidavit; (3) urge this Court to conduct its own *de novo* review of the evidence that convicted him; and (4) urge this Court to work with the district attorney's office that prosecuted him to

4

allow him to accept the 2005 plea deal he believes may have been offered to him. In striking contrast, Judge Fouratt's PFRD analyzed and made recommendations about entirely different issues, namely: (1) Quintana's Motion to Supplement; (2) counsel's failure to locate a witness named "Martin;" (3) counsel's failure to question Quintana's wife about drug use and trafficking; (4) counsel's failure to utilize additional experts; (5) counsel's failure to reconstruct the crime scene in the presence of the jury; (6) counsel's failure to pursue leads associated with an anonymous letter; (7) counsel's failure to fully explore statements allegedly made to by-stander Fernando Torres; and (8) a claim that three bloody knives allegedly found at the crime scene were not properly taken into police custody. (Doc. 23), *passim*.

None of Quintana's "objections" are cognizable under 28 U.S.C. § 636(b)(1)(B) because they neither attack Judge Fouratt's conclusions nor articulate with specificity why those conclusions are erroneous. Instead, the objections are nothing more than expressions of dissatisfaction with (1) the result of Quintana's state trial, (2) the quality and quantity of evidence introduced during the trial, and (3) the difference between the sentence Quintana received after trial compared to the one he apparently believes he would have received pursuant to a plea offer he believes may have been extended prior to trial. Because Quintana's "objections" are entirely unresponsive to the recommended findings and legal conclusions in Judge Fouratt's PFRD, this Court concludes that Quintana has waived his right to *de novo* review by this Court and his right to further appellate review. *See One Parcel of Real Prop.*, 73 F.3d at 1060.

V. CONCLUSION

For these reasons, it is HEREBY ORDERED that Judge Fouratt's PFRD (Doc. 23) is ADOPTED; Quintana's objections (Docs. 24, 25) are OVERRULED; Quintana's Petition (Doc. 1) is DENIED; Quintana's Motion to Supplement (Doc. 21) is DENIED; and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE